May it please the Court, Counsel, good morning. My name is Mara Vick-David. I represent the United States in this consolidated appeal. I'm an Assistant United States Attorney in the District of Guam. The issue before the Court is whether the District Court erred in dismissing pending counts of a pre-existing indictment when the defendants, Dao and Transfiguration, guilty please, to information that charged them with drug importation were later nullified by the decision of the United States v. Cabocon. The case of Cabocon held that drug transportation from the United States' point of origin, in this case California, through international airspace to a United States destination, in this case Guam, does not qualify as a drug importation offense. So, in effect, in the District Court of Guam, the defendants pleaded guilty to a nonexistent offense, and before their sentencing, they moved successfully to dismiss the information against them. They also moved to dismiss the viable counts of an indictment that had been returned prior to their guilty pleas to an information. In the District Court, the government argued that there were still viable offenses in the pre-existing indictments. In the case of defendant Dao, there was still a valid charge, and in the case of defendant Transfiguration, there was still a valid charge of, in Counts 6 and 8 of the Indictment to Distribution and Money Laundering Conspiracies. In the case of defendant Transfiguration, there was still a valid charge in Counts 6 of the Indictment to the Distribution Conspiracy. Counsel, the problem, I guess, that was spotted by Judge Kuhnhauer was that the defendants fully complied. They gave information, and we can't unring that bell. And it's very clear that they could not be convicted of the importation, so that would have to be dismissed, whether they moved for it or the judge did it to sui spati. So now the government says, well, let us go ahead and try them on those other counts, which we agreed to dismiss, and as to which the defendants gave full information, we certainly can't allow them to now be convicted on the information that they gave in complying with the plea agreement. Well, Your Honor. How do you get around that? The parties in paragraph 1 of the plea agreement. I mean, this was the plea agreement where the parties expected a conviction, where the parties expected a defendant to be sentenced. In paragraph 1 of the plea agreement, it specifically states that only upon the defendant's sentencing will the government move to dismiss certain counts. I note for the record that the Distribution Conspiracy counts in the indictment alleges 500 grams. The defendants, in the cases where they pled to an information, alleged 100 grams. Certainly, due process would require that we would limit future prosecution to 100 grams. Paragraph 11 of the plea agreement, the parties understood that if the defendant pled to an information, they would be sentenced to 100 grams. Now, that isn't what it said. It said vacated, withdrawn, et cetera, et cetera. Yes, Your Honor. Well, in effect, that's what happened in district court. Doesn't Barron completely contradict what you're saying? I understand you rely on Barron for saying that you could have had different language, but that's really not what it says. It says quite distinctly that the guilty plea was in no way vacated or affected by dismissing because of the indictment. And it later says in the part that you rely on that they could have protected the government's interest in the event that the conviction was vacated, which is not what you did here. You did not protect your right in the event that the conviction was vacated. You protected it in the right that the guilty plea was vacated, which it was not. Well, the guilty plea, if it had not been vacated, could, could, I mean, was, was ended up being rejected as well by the district court in granting the defendant's motion to dismiss the information. No, he dismissed the information. He didn't vacate the guilty plea, which is what Barron says quite distinctly. I mean, had, had their cases proceeded to sentencing, certainly the defendants couldn't have been sentenced. The judge at the time of sentencing would have, as the government argued in district court, would have realized that there was no factual basis for the defendant's plea. That may be, but that isn't what happened. It isn't what, what you pursued. Perhaps if you had let the thing go forward and not, and objected to the dismissal and gotten to the point of the sentencing, maybe you would be right. But that isn't what happened. Well, Your Honor, in, in the government's opposition papers, we did advise the court in, in its opposition motions that the court should reject the plea agreements at the time of sentencing. That's not, I mean, the plea agreements were entered into by the parties pursuant to Rule 11 of the criminal rules of plea, of criminal procedure. The rules advise us that the court may accept the plea agreement, but at the time of sentencing, should the court find that there's no factual basis for the plea, then, then the, the plea could not, the sentencing could not go forward. But, but as a matter of fact, that isn't how the case proceeded, right? No, Your Honor. But we did, we did argue to the district court that, that the plea should be rejected. But you lost. That isn't what he did. He did not do that. No, Your Honor. However, it, it's evident from the plea agreement, Your Honor, that the parties intended that a conviction should, should occur, because, and, and in the event that the guilty plea was later invalidated, the government could pursue the, the other viable counts in, in the indictment. Now, the judge has supervisory power and can dismiss an indictment in the interest of justice. Here, the defendants complied with their part of the plea agreement, which was to give all of this information. So wasn't the judge, in his discretion, perfectly, perfectly doing what he could under the supervisory, his supervisory powers? He was doing justice here because they'd given all the information. Well, Your Honor, in district court, the government advised the judge that we would certainly take into consideration the, the cooperation the defendant has provided to the government that would be made available at the time of, of a sentencing had we proceeded with, with other counts of the indictment. So, I mean, we're certainly not going to overlook the cooperation the defendant has provided. Are you suggesting that they would have to plead to one of the dismissed counts rather than go to trial? There, there's always that option, Your Honor. But, but the, the district court foreclosed that option in dismissing the indictment. You mean the district court dismissed the indictment including all the earlier dismissed counts with prejudice? Is that what he did? I don't believe the ruling was with prejudice. So he didn't foreclose that option. So I'm confused by what you said. I don't believe, I mean, had, had the court not dismissed the indictment, certainly the parties would have tried to work out another plea agreement, taking into account the defendant's cooperation, taking into account the, the drug quantity that they had earlier pled guilty to. But what are you seeking to do? You're seeking, are you seeking to now prosecute some of the dismissed charges? Are you seeking to prosecute other charges that you would have been covered by the cooperation clause? We're seeking to prosecute the viable counts in, in the dismissed indictment. I see. I mean, as a matter of fairness, we would, we would limit it to the, the drug quantity that the defendants previously pled guilty to. And, and that would be a factor that could be taken into account at sentencing in the district court below. Thank you very much. We'll give you a minute in rebuttal. Thank you. Counsel. Good morning, and may it please the Court. My name is Joaquin Areola from Hawkeye, New Guam. On behalf of the defendant, Anapeli Tweedau, I'd like to reserve two minutes for my co-counsel to argue for his client. The Court is correct in that this case, in this case, the plea agreement in the underlying case of the 02 case, as we call it, was not vacated. It was not withdrawn. It was not reversed. The specific language put forth in the plea agreement. It was dismissed. And that was a specific. Well, the guilty plea wasn't dismissed either. It was the conviction that was. Well, there was never a conviction, Your Honor, because there was never sentencing. All right. The indictment that was. The indictment. Not the guilty. The information. All right. The guilty plea was not done anything to. Nothing. Okay. And that was a specific strategic decision on the part of many of the defense. At the time when the Cavacani decision came out and the entire territory of Guam in the United States was dealing with what to do with the importation charges from the United States, many different defendants either pled guilty to those charges, had convictions or were cooperating with the government, whatever the case may be. And in this particular case, it was clear that the plea agreement said if you withdraw or you vacate your plea agreement, there is that language that they could continue to prosecute you. That's why the specific decision was made to simply move to dismiss in that particular information. And notably, the government did not oppose that motion. She now says they did. Is that wrong? That is incorrect. My position, my recollection of the record is there was no opposition to that dismissal. And I think Judge Cunar recognizes that in his decision. That was my understanding as well, but we'll find out afterwards what that's about. And that is what we set forth in our brief, that there was no opposition by the government. They could have conceivably moved to oppose the motion to dismiss and instead ask to vacate the plea, but then they would be breaching the agreement. Clearly, as in Barron and as in Sandoval Lopez, in this case, the defendants did nothing, did nothing to violate their plea agreement. They did everything. My client in particular cooperated for nearly five years. From 1999 to 2004, provided substantial assistance to the government, not only in the territory of Guam, but in the southern district of California as well, to law enforcement investigating authorities. And to now turn around and use that information against her to convict her of the money laundering charges, the importation, excuse me, the conspiracy to distribute charges would be grossly unfair as recognized by Judge Cunar. Because in dismissing the case, the court ruled, Judge Cunar ruled that the bargain for exchange that a defendant gives in exchange for his plea of guilty is the cooperation, is what's at stake is not any type of consideration such as money. What's at stake is their liberty and their freedom of the freedom being restricted, all these release conditions being imposed on them, the requirement to cooperate, to submit to polygraph examinations and the like. We think Judge Cunar, just as Judge Ampinko down at the district court ruled in other related cases, all those decisions and orders are quite sound in that under the literal terms of the plea agreement, unless it is vacated, withdrawn, or reversed. That would be paragraph number 11 of the plea agreement. They would be free to prosecute other, other, the remaining charges. Most significantly, paragraph 2 of the plea agreement in our particular case is the specific immunity provision given by the government to my client not to prosecute her in return for her cooperation in the District of Guam or the Northern Mariana Islands for any other offense to the government or which she reveals to Federal authorities. Clearly, in the five years of her cooperation, she revealed information about these offenses, counts 1, 3, and 8, I believe, the counts that were not dismissed, and now they're trying to breach that agreement by trying to prosecute her for it based on the information she provided. As Judge Cunar indicated, you cannot unring the bell that she's already given the information. Kagan. Isn't that provision all-important because the plea agreement actually says that the government will move to dismiss the other counts upon sentencing? There was no sentencing, so in one sense, they didn't have an obligation to dismiss them. That's right. But on the other hand, there's this number 2 provision which seems to say that if she cooperates, they won't prosecute her for that and you'd have to interpret the two together. But if it wasn't for this paragraph, I think you would have a problem. I would tend to agree with Your Honor, but that's the whole nature of the cooperation provisions, the immunity provisions that the government regularly extends to cooperating defendants. We won't prosecute you for anything you tell about us because even those counts that are going to be dismissed, we expect you to cooperate on. That's exactly what they expect them to cooperate and to snitch on. Give us information about it. Tell us what you did. Tell us what everybody else did in this wide-ranging conspiracy. So how do you reconcile number 2 and number 11? In this instance, the guilty plea wasn't, or you say it wasn't, rejected, withdrawn, vacated or reversed. But there is some tension between this provision and number 2 in that if you view paragraph 2 as essentially an ironclad quid pro quo, then once you've given the cooperation, then there wouldn't be much room for paragraph 11, right? In other words, I mean, what if after all the cooperation, the guilty plea were rejected, withdrawn, vacated or reversed? I understand the conflict between paragraph 11 and paragraph 2. However, we would submit that because of the cooperation, because she's giving up that very specific fundamental constitutional right to remain silent as to other that that would probably trump paragraph 2 would trump paragraph 11, because in paragraph 2, she's giving up her fundamental right to remain silent. She's telling them everything she did. She's giving them the information to prosecute her. And so I would submit very respectfully to the Court that paragraph 2 is probably more significant, more important. And that's basically a consideration argument. So does it matter, then, whether they're going to use that information against her or just that they have it for whatever they're going to use it for? I don't think they can proceed without even — without using that information, Your Honor. Your opponent suggests that they would assure that they didn't. And we have no guarantees of that. I mean, once we go to trial, if it goes to trial, we have no guarantees as to whether they're going to proceed with the 500 grams or just the 100 grams. Under relevant conduct, it could be, you know, 1,000 grams. And our position is in order to restore the defendant to her position and to give her the benefit of her bargain, which she already gave in, which was her cooperation, that the charges should otherwise be dismissed and that the government should not now be permitted to violate the agreement, because it's the government who's violating the agreement at this juncture, not the defendant. The defendant didn't do anything wrong. The defendant — I don't know if they did wrong to begin with. After the plea agreement was entered, the defendant did nothing wrong under the terms of the plea agreement, Your Honor. Well, what action did you take on behalf of your client with respect to the dismissal of the case? Did you file a motion to have the case dismissed? That's what it was, Your Honor. It was specifically phrased as a motion to dismiss, not a motion to vacate. And withdrawing the plea. That's correct. We did not move to withdraw the plea. But how does moving to dismiss the case and withdrawing the plea, what's the real difference in substance between the two? Well, I think in the standard under the Federal Rules of Criminal Procedure for withdrawing a plea, you've got to set forth a certain standard that — and although we could have set that forth, changing the law because it's no longer a crime. We did not want to go that route. Instead, we said just dismiss it because it's no longer a crime. And because no conviction had been entered. There was no sentencing. It was still just an information. Do you want to reserve time for your co-counsel? Yes, ma'am.  Thank you very much, Your Honor. May it please the Court. Bill Gavras for Linda. Transfiguration. Your Honors, I believe this case comes down essentially to whether or not paragraphs 2 and paragraphs 11 are going to be interpreted the way that Judge Kunawer indicated that they should be. If they are, if either paragraph is interpreted the way that Judge Kunawer indicated that it should be. The government loses its appeal. Paragraph 11 very clearly states that the plea, that had it been withdrawn or vacated, then sure, we would have won. The government could proceed. But because it wasn't, then the government cannot. And this is Judge Kunawer's interpretation. A certain deference has to be given to his interpretation because he was the trial judge in this matter. Well, it is a fairly fine-cut idea, i.e., the difference between dismissing the indictment and withdrawing the plea, but my understanding is that that's exactly what the distinction made in Barron. In other words, I understand what's troubling Judge Gibson, but I as to why this isn't the same as vacating a plea, but I gather our case law is that it isn't. I agree. It's not. I mean, you could argue that the end effect is possibly the same when you withdraw or you vacate as compared to dismissal. The end result may be the same, but that's not what you have to think about. Well, what were the parties contemplating in the agreement? What did they contract for? And in this case, they contracted for the government could continue if specifically if it was vacated or if it was withdrawn. The government forgot or failed a contract for this other contingency, that is, if it's vacated, the government could continue to contract otherwise. But they didn't. That was their decision. It was their plea agreement. They wrote it. Thank you very much. Thank you. I'll give you a minute or so or maybe a minute and a half. But it was also my recollection that the government didn't oppose the dismissal and you now say that you did. So can you tell me where that was? Your Honor, I'm referring to the United States Supplemental Memorandum filed July 26, 2004. This was in response to the excerpts of records on the place. It would be pages 225 to 227. Okay. Thank you. Go ahead. Thank you, Your Honor. And in that memorandum, the government argued that we were anticipating that the court would reject the plea agreement because, again, the parties entered into this plea agreement pursuant to Rule 11 of the Rules of Criminal Procedure. Just briefly concerning the questions in paragraphs 1, paragraphs 2, and paragraphs 11 of the plea agreement, the very first paragraph, the parties understood that this plea agreement was entered into for a conviction. Wait a minute. Can we backtrack a minute? What you're talking about now in terms of the earlier question must have been the dismissal of these charges, of the indictment, not whether you objected to the dismissal of the earlier charges because of the Capitan. Is that why we're talking apples and oranges here? It was the government's position all along in district court that there were still viable counts in the indictment. Yes, there were viable counts. But that's a different question as to whether you objected to the dismissal of the original charges, of the original charges that were being proceeded on after the plea. The importation. The importation charges. Well, we couldn't because the defendants couldn't have been sentenced. There was no factual basis for that plea to the information under Rule 11. You could have objected to the procedure. You could have maintained that the guilty plea remained in effect and that it should proceed to sentencing and that it should go in the form of a withdrawal of the plea rather than as a dismissal of the indictment. But you didn't do that. Well, actually, Your Honor, in the actual motion hearing, co-counsel or an associate in the office, Ms. Karen Johnson, who argued the motion on behalf of the government, did, as I recall, did so advise the Court to proceed to sentencing. I see. All right. Well, so I'm confused again. But go ahead for half a minute or so about whatever you wanted to say. Just briefly, Your Honor, the government in its plea agreement didn't provide for blanket immunity for the defendants. I mean, specifically in paragraph 1, it indicates what counts we would dismiss provided that there was a sentencing. The pleas ended up being invalidated, and we're simply asking that the plea agreement be in force and that the government in paragraph 11 be able to pursue the viable counts in the indictment. Thank you, Your Honor. Thank you very much. Thank you, counsel. It's an interesting case. The cases of United States v. Transfigurant and Dow are submitted. And we will proceed to United States v. Al-Farrahi.
judges: B. Fletcher, Gibson, Berzon